UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:09-cr-44-FtM-29DNF

RICARDO MENDOZA
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Ricardo Mendoza's Motion for Reconsideration of Sentence (Doc. #699) filed on November 21, 2011. Defendant asserts that the Court may reconsider the sentence it imposed on December 6, 2010, under 18 U.S.C. § 3582(c)(2). Because defendant is incorrect, and there is no other jurisdictional basis to reconsider defendant's sentence, the motion is dismissed for lack of jurisdiction.

Title 18 U.S.C. § 3582(c) gives the Court discretionary authority to reduce the "term of imprisonment" portion of a defendant's sentence under certain circumstances. Defendant relies upon Section 3582(c)(2), which provides:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
>
> . . .
>
> > (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of

> Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Defendant makes no showing that his sentencing range has subsequently been lowered by an amendment to the Sentencing Guidelines. Additionally, not only was United States v. Booker, 543 U.S. 220 (2005) considered at the original sentencing, but Booker is inapplicable to Section 3582(c)(2) motions. Dillon v. United States, 130 S. Ct. 2683, 2692-93 (2010); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). Even in a valid § 3582(c)(2) proceeding, the Court does not re-examine the other sentencing determinations made at the original sentencing. United States v. Cothran, 106 F.3d 1560, 1562-63 (11th Cir. 1997); United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000).

Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). The Court has no inherent power to simply reconsider a sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure.

United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002). No such authority to simply reconsider a sentence is available in this case.

Accordingly, it is now

**ORDERED**:

Defendant Ricardo Mendoza's Motion for Reconsideration of Sentence (Doc. #699) is **DISMISSED FOR LACK OF JURISDICTION.**

**DONE AND ORDERED** at Fort Myers, Florida, this   13th   day of December, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Ricardo Mendoza